IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-93-CR-0285-R(04) |
| | § | NO. 3-05-CV-1365-R |
| MARCO ANTONIO ZAPATA III | § | |
| | § | |
| Movant | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Marco Antonio Zapata III, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

Defendant was charged in a multiple count indictment with various drug-trafficking offenses. Following a lengthy jury trial, he was convicted on: (1) one count of conspiracy in violation of 21 U.S.C. § 846; (2) two counts of unlawful use of a communication facility in violation of 21 U.S.C. § 843(b); and (3) one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Punishment was assessed at a total of 360 months confinement followed by supervised release for a period of five years. His conviction and sentence were affirmed on direct appeal. *United States v. Zapata,* No. 94-10410 (5th Cir. Apr. 4, 1996). Defendant also filed a motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. That motion was denied on the merits. *United States v. Zapata*, No. 3-07-CV-0990-R (N.D. Tex. Sept. 21, 1999).

Defendant now seeks post-conviction relief for a second time. In two grounds for relief, defendant contends that: (1) he received ineffective assistance of counsel; and (2) his sentence was

enhanced by factors not alleged in the indictment or determined by a jury beyond a reasonable doubt as required by *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1] Before addressing these claims, the court must determine whether defendant can file a successive section 2255 motion without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

---

[1] In 2001, defendant filed a section 2241 motion arguing that his sentence should be vacated under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Fifth Circuit affirmed the dismissal of that motion on the grounds that *Apprendi* does not apply retroactively to cases on collateral review. *Zapata v. Chandler*, 54 Fed.Appx. 797 (5th Cir. 2002).

**RECOMMENDATION**

Defendant's motion to correct, vacate, or set aside his sentence should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 12, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE